COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



# ORDER OF ABATEMENT

Style:  Jorge Rubio Mendoza v. The State of Texas

Appellate case number:  01-11-00940-CR
01-11-00941-CR

Trial court:  184th District Court, Harris County, Texas

Trial court case number:  1251411 & 1251412

Appellant was convicted of the offense of indecency with a child. Appellant's trial counsel, John McDermott, timely filed notices of appeal, together with motions to withdraw and requests for a free record on appeal. The trial court's certification of appellant's right of appeal correctly states this is not a plea-bargain case and appellant has the right of appeal. However, the record does not include an order on the motion to withdraw or a finding on appellant's request for a free record. In addition, the record indicates that appellant was originally deemed indigent and appointed counsel in the underlying case, and that John McDermott later was substituted as counsel. The record does not reflect whether John McDermott was appointed or retained, and there is no finding regarding appellant's entitlement to appellate counsel. It appears that appellant indicated to the trial court that he intended to retain appellate counsel, but no counsel for appellant has made an appearance in these appeals.

If a defendant in a criminal case is indigent, he is entitled to court-appointed counsel for both the trial of the cause and an appeal to a court of appeals. *See* TEX. CRIM. PROC. ANN. art. 1.051(a), (c), (d)(1) (West Supp. 2011). The trial court is responsible for making the indigency determination and, if the defendant is indigent, appointing and removing counsel. *See* TEX. CRIM. PROC. ANN. art. 1.051(d), 26.04 (West Supp. 2011); TEX. R. APP. P. 20.2. Once counsel is appointed, representation does not end "until charges are dismissed, the defendant is acquitted, appeals are exhausted, or the attorney is permitted or ordered by the court to withdraw as counsel for the defendant after a finding of good cause is entered on the record." TEX. CODE CRIM. PROC. ANN. art. 26.04(j)(2).

We, therefore, abate this appeal and remand the cause to the trial court for further proceedings. On remand, the trial court shall conduct a hearing at which a representative of the Harris County District Attorney's Office and appellant's trial counsel John McDermott shall be present. Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the

hearing by closed-circuit video teleconferencing.[1]

We direct the trial court to make appropriate written findings of fact and conclusions of law and to execute any necessary orders on these issues:

1) Whether appellant still wishes to pursue these appeals; and, if so,
2) Determine whether appellant is indigent; and if so, order the court reporter to file the reporter's record with this Court at no cost to appellant; and
3) Determine whether trial counsel's motions to withdraw should be granted; and, if so,
    a. If appellant is now indigent and entitled to appointed counsel, appoint counsel on appeal; or,
    b. If appellant is not indigent:
        i. Determine whether he has retained an attorney to file a brief, and, if so, obtain the name, address, and telephone number of retained counsel;
        ii. if appellant has not retained counsel, but intends to retain counsel, the trial court shall provide a deadline by which appellant must hire an attorney; or,
        iii. if appellant has not retained counsel and does not intend to retain counsel, the trial court shall admonish appellant of the dangers and disadvantages of self-representation, and thereafter,
            1. determine whether appellant is knowingly and intelligently waiving his right to counsel; or,
            2. if appellant does not wish to proceed pro se, provide a deadline by which appellant must hire an attorney.

See TEX. CODE CRIM. PROC. ANN. art. 1.051.

The trial court shall have a court reporter, or court recorder, record the hearing. A supplemental clerk's record containing the findings of the trial court with respect to appellant's entitlement to a free record and counsel on appeal shall be sent to this Court **no later than 30 days from the date of this order**. See TEX. R. APP. P. 34.5(c). A

---

[1] Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

reporter's record of the abatement hearing shall also be sent to this court Court **no later than 30 days from the date of this order**. If the hearing is conducted by video teleconference, an electronic copy of the hearing shall be filed in this Court **no later than 30 days from the date of this order**.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket without further order of the Court when the records that comply with our order are filed with the Clerk of this Court. The court coordinator of the trial court shall set a hearing date and notify the parties.

It is so **ORDERED**.

Judge's signature: /s/ **Justice Evelyn V. Keyes**
                ☑ Acting individually      ☐ Acting for the Court

Date: July 3, 2012